# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

January 10, 2003

## Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DANIEL A. MANION, Circuit Judge

**Hon.** MICHAEL S. KANNE, Circuit Judge

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

**Nos.** 00-3719, 00-3720, 00-3721, 00-3731, 00-3740, 00-3865, 00-4344 00-4345 & 01-1683     **v.**

CARL J. WARNEKE, DAVID KADLEC, LESLIE J. JENSEN, ROBERT A. KRUPPSTADT, RANDALL E. MILLER, RICHARD E. MROCH, KEVIN P. O'NEILL, HARVEY E. POWERS, and JAMES W. SCHNEIDER,
    *Defendants-Appellants*.

Appeals from the United States District Court for the Eastern District of Wisconsin.

No. 97-CR-98
J.P. Stadtmueller,
*Judge*.

## Order

The first paragraph on page 3 of the opinion of this court issued on November 12, 2002, is amended as follows:

> The installation of the bugs did not violate the fourth amendment: the Constitution does not protect criminals against the risk that their associates will assist the police. See *Hoffa v. United States*, 385 U.S. 293, 300-03, 310-12 (1966). Placement of these microphones was the result of good police work plus luck. The informant was Patricia Wolf, David's wife, who set up two lamps, one containing a microphone. Visiting the Wolf home, O'Neill said that he liked the lamps. Patricia then swapped the

inactive lamp for a second bugged lamp. When O'Neill repeated his admiration of the lamps and asked if he could have one, Patricia graciously assented. O'Neill took one of the lamps (it did not matter which) and thus bugged his own home. But he didn't plug it in, and without electricity it was useless. So Patricia Wolf paid O'Neill's girlfriend a friendly visit and helped her improve the lighting in O'Neill's office. Agents drove by O'Neill's residence to find out if this worked; they learned from detecting a carrier signal that it had. Whether this step created a constitutional problem under the holding of *United States v. Karo*, 468 U.S. 705 (1984), is not a question we need decide, because no evidence based on the monitored signal was used against O'Neill at trial. What *was* used was the ensuing conversations, and their interception was authorized by a warrant issued in response to an affidavit that did not mention the monitored signal (or for that matter the fact that the bug-infested lamp was in place already). Because the agents did not intercept (*i.e.*, did not either record or listen to) any communications until after the warrant had issued, installation of the device at O'Neill's home (and determination that it was working) did not violate statutory limits on eavesdropping; until interception begins, a bug is nothing but a "tracking device" under 18 U.S.C. §3117(b). See also 18 U.S.C. §2510(12).

Defendants-appellants in Nos. 00-3731, 00-4344 and 00-4345 filed separate petitions for rehearing and rehearing en banc. No judge in regular active service has requested a vote on the petitions for rehearing en banc,* and all of the judges on the panel have voted to deny rehearing. The petitions for rehearing are therefore DENIED.

---

* Judge Evans did not participate in the consideration of these en banc petitions.